**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America

Plaintiff,

vs.

Ivan Ray Begay,

Defendant/Movant.

No. CV-15-08209-PCT-PGR (JZB)
No. CR-00-01222-PCT-PGR

ORDER

On October 1, 2015, movant Ivan Ray Begay, who is incarcerated in the Federal Correctional Institution in Seagoville, Texas, filed a *pro se* Petition for Writ of Audita Querela, Pursuant to the All Writs Act, 28 U.S.C. § 1651 (Doc.1 in CV-15-08209 and Doc. 91 in CR-00-01222). In his petition, Begay seeks to be re-sentenced, arguing that his sentence, which was entered on September 17, 2001, was enhanced under the then-mandatory federal sentencing guidelines which were subsequently declared unconstitutional by the Supreme Court in United States v. Booker, 542 U.S. 220 (2005).[1] The Court finds that the petition should be summarily

[1] Begay filed essentially the same petition on March 23, 2013 in CV-13-08062, which the Court dismissed with prejudice in an order (Doc. 3) entered on June 11, 2013.

denied for lack of subject matter jurisdiction.

Begay's claim that he is entitled to a writ of *audita querela* to obtain re-sentencing in light of Booker has been conclusively foreclosed by the Ninth Circuit, which has repeatedly held that a federal prisoner may not challenge a sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable through a § 2255 habeas petition. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir.2001) (also holding that the fact that a second or successive § 2255 motion may be barred pursuant to 28 U.S.C. § 2255(h) does not permit circumvention of the statute by styling a second or successive petition as a petition for a writ of *audita querela*.); *see also*, Carrington v. United States, 503 F.3d 888, 890 (9th Cir.2007) (holding that the statutory limits on second or successive habeas petitions and cases such as Booker which do not apply on collateral review do not create a gap in the post-conviction landscape that can be filled with common law writs.) Begay's petition is in reality a second or successive motion pursuant to § 2255 which the Court has no jurisdiction to adjudicate since Begay has not obtained from the Ninth Circuit the certification required by § 2255. Therefore,

IT IS ORDERED that the Court's Notice of Assignment (Doc. 2 in CV-15-08209-PCT-PGR (JZB)) is vacated.

IT IS FURTHER ORDERED that movant Begay's Petition for a Writ of Audita Querela (Doc. 91 in CR-00-01222-PCT-PGR) is denied and the civil action opened in connection with the petition (CV-15-08209-PCT-PGR (JZB)) is dismissed for lack of subject matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability, to the extent that one is required, shall not be issued and that the movant is not entitled to appeal *in*

*forma pauperis* because reasonable jurists would not find it debatable whether the petition states a valid claim for the denial of a constitutional right and would not find the Court's procedural ruling debatable.

DATED this 8th day of October, 2015.

Paul G. Rosenblatt
United States District Judge